D. K. FUTCH v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 15 October, 1919.)

1. **Carriers of Goods—Placing of Cars—Understanding of Agent—Instructions—Railroads.**

   Where damages are sought to be recovered for the omission or neglect by the carrier to place a refrigerator car for a shipment of lettuce at a certain place and time upon the request of the consignor's agent, and the evidence tends to show that the request was made under such circumstances that the defendant's agent, exercising reasonable intelligence and care, may have misunderstood it, an instruction based upon the understanding of the order by the agent of the defendant is not objectionable on the plaintiff's appeal.

2. **Carriers of Goods—Placing of Cars—Rules—Waiver—Railroads.**

   The carrier is entitled to reasonable notice from the shipper for placing a car to be loaded, and when written notice is required by its rules, the rule may be waived or abandoned by a verbal agreement.

3. **Instructions—Full or Explicit—Appeal and Error—Exceptions.**

   Requests for special instructions should be tendered, and when not covered by the charge, in the absence of such request, an exception that the instruction given was not full and explicit will not ordinarily be held as error on appeal.

4. **Instructions — Contentions — Appeal and Error—Objections and Exceptions.**

   The appellant should have asked the trial judge, at the time, to state such of his contentions as he claims were omitted, and having failed to do so, his exceptions on that ground will not avail him in this Court on appeal.

ACTION for damages tried before *Calvert, J.,* at April Term, 19.19, of NEW HANOVER.

Judgment for defendant.   Plaintiff appealed.

*E. K. Bryan for plaintiff.*
*Rountree & Davis for defendant.*

WALKER, J.   The grievance alleged by the plaintiff is that the defendant failed to place a refrigerating car for him at Wrightsboro by 2:30 o'clock p. m. on 16 May, 1918, to receive a certain lot of lettuce which he had cut for shipment, as it had promised the day before to do.   The evidence was conflicting, and we think it was submitted to the jury under proper instructions from the court.

The plaintiff specially complains of the judge's instruction to the jury, that if the order for the three cars, two for the Wilmington Truckers' Association *and one for the plaintiff,* was given by Freeman *and understood by the defendant's agent* they should answer the first issue "Yes"

or in favor of the plaintiff, or if the next morning, 16 May, the car not having arrived, defendant's agent promised to have it at Wrightsboro by 2:30 o'clock in the afternoon, they should answer the issue in the same way. The particular objection is to the use of the words "and understood by the defendant's agent,"· the contention being that it made no difference whether the agent understood the terms of the order if it was in fact given. This may or may not be so. The word "understood" was manifestly not used in any such sense, that is,·whether he was intelligent enough to understand it, but its meaning is whether it was understandingly given by Freeman. Freeman, plaintiff's own witness, had testified that the agent may not have "understood" that he ordered the third car for Futch, as he gave the number of cars with his fingers, ·raising two first and then the one. He further testified: "After I got home in the afternoon of 15 May I told Mr. Moore that I thought perhaps the clerk did not understand me, and that I had phoned down to the office and it was closed. I told them this in Mr. Elliott's office when I went down there with Mr. Futch; that after I left there I began to think about it and remember the surroundings and what was taking place down there at the office at the time; I was not positive in my mind whether the young man who took the order understood me or not so I phoned back to the office to find out, but the office was closed. That was after 6 o'clock." The judge only submitted this evidence to the jury that they might say whether the order was so given as to cause a prudent man to mistake it. That was all he meant. It was a question of fact, and the jury settled it.

Whether a new promise was made on the 16th to place the car by 2:30 p. m. was another question of fact, and the judge sufficiently stated it to the jury. The car ordered at 9 o'clock on 16 May was placed in the first train out that day. It was contended by the defendant before us that to have given a special or quicker service by using an extra engine would have been a discrimination, which is forbidden by. the Interstate Commerce Act, this being an interstate shipment, moving from Wrightsboro, N. C., to Buffalo, N. Y., and *C. and A. R. R. v. Kirby,* 225 U. S., 155, was cited to support the position. But we need not consider it as the jury have decided the·facts against the plaintiff. We have considered the question of discrimination and. rebates at this term in *Edenton Cotton Mills v. N. S. R. R.*

The judge stated and explained fully, and if not, sufficiently, as we think, the question whether the defendant had abandoned its rule .or regulation that it should have twenty-four hours written notice when a car is ordered. After stating that a railroad company may adopt reasonable regulations for placing a car under an order, the Court said that the regulation might be waived, orally, by a promise or agreement to

place the car at an earlier time. This exception is not open to the plaintiff, as he asked for no special instruction concerning it, and without one the instruction was sufficient. If plaintiff desired more to be said he should have requested it. We said in *Alexander v. Cedar Works,* 177 N. C., 137, 149 : "If the instructions of the court to the jury were not sufficiently full and explicit, or plaintiffs desired any particular phase of the case to be stated, they should have submitted a special request for what they wanted," citing *Simmons v. Davenport,* 140 N. C., 407 ; *Potato Co. v. Jeanette,* 174 N. C., 237. And in *Power Co. v. Power Co.,* 175 N. C., 668, 680, we said that if a party deems the charge not full enough in a particular phase of the case he should ask that it be enlarged and made more definite, citing *McKinnon v. Morrison,* 104 N. C., 354; *S. v. Yellowday,* 152 N. C., 793; *Orvis v. Holt,* 173 N. C., 231. The rule is a familiar one and must be complied with. *Gay v. Mitchell,* 146 N. C., 509. The law will not permit a party to be silent when he can so easily, by asking for an instruction, bring the charge to such shape as he may consider is required by the contentions and the evidence. He must guard his own interests as the trial is progressing. But we think the jury understood the matter and that the verdict is fully warranted by the evidence. He told the jury that if upon all the circumstances revealed by the evidence they found that the company had agreed to place the car at a different time than it was required to do by its own regulation, this was a departure from its rule and an abandonment of it. *Power Co. v. Power Co., supra.*

The company is entitled to reasonable notice when a car is ordered. Elliott on Railroads, sec. 1476, and also sec. 202a; Rev., sec. 2632. If the court failed to state any of plaintiff's contentions the omission should have been called to its attention, and the judges, we are sure, will always correct any error in this respect. *Mfg. Co. v. Building Co.,* 177 N. C., 103 ; *Jeffress v. R. R.,* 158 N. C., 215; *Alexander v. Cedar Works, supra.*

We have considered the plaintiff's exceptions with some detail because they were argued with zeal by counsel, but the case really was reduced to a very few questions of fact, which the jury decided for the defendant after a fair contest in an open field.

No error.