J. N. HARRIS v. J. A. TURNER, J. M. ALLEN AND W. H. ALLEN.

(Filed 17 March, 1920.)

1. **Trials—Evidence—Weight and Credibility—Questions for Jury—Damages.**

   The plaintiff sued defendants, tobacco warehouse proprietors, for balance alleged to be due him for salary, and at the same time defendants were suing the plaintiff for an amount alleged to be due for moneys paid out, by them for tobacco on the plaintiff's individual account, and at his request, and upon the consolidation and trial of the two actions, the jury returned a verdict in defendant's favor, but in a less sum than demanded, from which defendants appealed, without any exception to the charge of the judge or tendering prayers for special instructions, upon the ground that if they were entitled to recover anything it should have been in the full amount of their claim. *Held,* the weight and credibility of the evidence was properly left to the jury, upon the issue joined, to determine thereon the amount due the defendants.

2. **Appeal and Error—Objections and Exceptions—Prayers for Instruction —Assent.**

   An exception cannot be maintained that the judge left the amount of damages, sought in the action, to the determination of the jury, when there is no exception to his charge, or requests for special instructions thereon, it being for the defendant to enter his exceptions, either to the instructions given or to the failure to give special instructions thereon aptly tendered, and his failure to have done so is deemed as his assent to this treatment of the questions presented.

**3. Courts—Evidence—Weight and Credibility—Verdicts Set Aside—Discretion—Appeal and Error.**

> The weight and credibility of competent and conflicting evidence is for the determination of the jury. It is within the discretion of the trial judge to set aside a verdict on the ground that it is against the weight of the evidence, and his action thereon is not reviewable. The jury in this case was not bound to find for the defendants, however strong and convincing their evidence may have been. If the verdict was contrary to the weight of the evidence the defendant's remedy was by motion to set aside the verdict as indicated above.

CIVIL ACTION, tried before *Guion, J.,* and a jury, at August Term, 1919, of FRANKLIN.

Plaintiff brought an action against defendant to recover $1,000, the balance of a salary of $2,000 alleged to be due him as drummer for the defendant, who had a tobacco warehouse in Louisburg. Defendant, J. A. Turner, sued plaintiff, in another action, to recover $3,114.77, which they allege he owed them on his "pin hook" account, that is, not on any business done for them, but on his own account, during the years 1915 and 1916 by purchasing leaf tobacco for himself and selling it in the defendant's warehouse, the latter advancing money to the amount of $24,158.49 to aid him in these personal transactions. Plaintiff paid on this amount in cash $20,043.72, which, together with the one thousand dollars of the salary due the plaintiff, left a balance of $3,114.77, which this suit was brought to recover.

The two actions were consolidated and tried together. The balance of salary being treated as plaintiff's claim, and the balance due of the "pin hook" account as defendant's counterclaim, plaintiff denying the latter, and averring that he owed nothing upon it, as it was not his account, but that of the defendant. There was evidence on the question, whether what is called the "pin hook" account was the personal account of the plaintiff, or the account of the defendant, based on transactions exclusively theirs. This question was submitted to the jury, and the following verdict was returned:

"Is the plaintiff indebted to J. A. Turner upon the counterclaim pleaded in this action; if so, in what amount? Answer: '$1,000.' "

The court charged the jury as follows: "Defendants, while admitting this unpaid account, contend that plaintiff is indebted to Turner and the warehouse company in the sum of $3,840.67, as limited by his complaint, over and above the sum so due him on salary account, and contends that this issue should be answered in his favor for tobacco bought on personal account of J. N. Harris. Therefore, you are relieved of considering the question of amount due plaintiff Harris. The question you are to consider is, Does plaintiff Harris owe defendant warehouse company this

money advanced on personal account of Harris in payment of tobacco purchased by him for his personal use and benefit? If defendants have satisfied you by the greater weight of the evidence that the tobacco was bought by Harris on his own account, inquire and say how much was paid out on such purchases by the company; and answer the issue in such amount as you may find was paid. If defendants have failed to so satisfy you by the greater weight of the evidence, or, on the other hand, if you shall find that the tobacco was bought by Harris for Turner and the warehouse company, and accepted by the company and paid for by it under such purchases, then answer the issue 'Nothing.' "

There was no prayer for instructions. Judgment on the verdict. Defendants appealed, and assigned this single error: "The defendants except to the refusal of the court to grant their motion to set aside the verdict upon the ground that the same is inconsistent with any or all of the evidence, for that if the defendants are entitled to recover anything upon their counterclaim, they are entitled to recover the full amount thereof, and in no view of the evidence could the jury have found consistently with any or all of the evidence that the defendants were entitled to recover the sum of $1,000 and no more, the plaintiff having not denied specifically the purchase by him of any particular lot of tobacco, but contending that all of the tobacco was bought for the warehouse, and none for his own account and risk."

*Wm. H. and T. W. Ruffin and W. M. Person for plaintiff.*
*B. T. Holden, W. H. Yarborough, and White & Malone for defendant.*

WALKER, J., after stating the facts as above: We do not see how there can be any error in the judge's charge, and none is alleged. The case was left with the jury upon the evidence as to the terms of the contract between the parties and as to the damages. The jurors were not bound to accept as true all the testimony offered by the plaintiff or the defendants, but could accept a part and reject the remainder, as they were the sole judges of the testimony, and what it tended to prove, which, of course, included the credibility of the witnesses. They might, for instance, have found that plaintiff had not promised to pay as much as the defendants claimed, or had not bought, for himself, as much leaf tobacco as alleged.

The objection of the defendants is not to the judge's charge, but to the verdict, which is the only object of his attack—not to what the judge said, but to what the jury found. The judge left the question of damages entirely to the jury, for he could not decide it as a matter of law. We cannot agree with the defendants' contention, in a legal sense, "That the verdict is inconsistent with any or all of the evidence," and if de-

HARRIS *v.* TURNER.

fendants were entitled to recover $1,000, they were entitled, as a matter of law, to recover all of their claim. There was no request for an instruction to that effect, and there is no exception to the charge of a like nature. If the proposition be true, the point of the objection is not that the jurors decided contrary to the instruction of the court, for the court gave no such instruction, but it was that the jury failed to instruct themselves as to the law. When the judge left the amount paid by the defendants for the jury to find, defendants were silent, and, therefore, assented to this treatment of the question. If the defendants desired a special instruction, to guide the jury, they should have asked for it. *Simmons v. Davenport,* 140 N. C., 407. We there held that if a party desires fuller or more specific instructions than those given by the court in the general charge, he must ask for them and not wait until the verdict has gone against him, and then, for the first time, complain that an error was committed. We repeated this rule in *Davis v. Keen,* 142 N. C., at p. 502, in these words: "Any omission to state the evidence or to charge in any particular way should be called to the attention of the court before verdict, so that the judge may have opportunity to correct the oversight. A party cannot be silent under such circumstances and, after availing himself of the chance to win a verdict, raise an objection afterwards. He is too late. His silence will be adjudged a waiver of his right to object," where the instruction of the court is not itself erroneous. This has been approved in many cases, and very lately in several. *Baggett v. Lanier,* 178 N. C., 132; *Futch v. R. R., ibid.,* 282; *Sears v. R. R., ibid.,* 285; *S. v. Stancill, ibid.,* 683. It can make no difference how strongly the evidence supports the defendant's view, it is still a question of fact to be settled by the jury. In such a case, the remedy is a request to the court that the verdict be set aside as being against the weight of the evidence, the decision upon which is in the discretion of the judge, and it is not reviewable. It would have been an invasion of the province of the jury if the judge had instructed them to answer a question of fact in a particular way. Revisal of 1905, sec. 535; *Withers v. Lane,* 144 N. C., 184; *S. v. Rogers,* 173 N. C., 755; *S. v. Windley,* 178 N. C., 670.

The plaintiff denied any liability to the defendants on the alleged "pin hook" account, or that he owed the amount claimed, raising thereby an issue for the jury.

No error.