## L. L. HEATON v. MURPHY COAL & IRON CO.

(Filed 27 May, 1926.)

**Master and Servant—Employer and Employee—Negligence—Management of Work—Nonsuit.**

A recovery for damages for a negligent, personal injury may not be had by a manager in charge at the time of the injury, having full control of the defendant corporation's operations at the time.

APPEAL by plaintiff from *Oglesby, J.*, at March Term, 1926, of CHEROKEE. Affirmed.

*Moody & Moody for plaintiff.*
*Merrimon, Adams & Adams, M. W. Bell and A. Hall Johnston for defendant.*

PER CURIAM. This was an action for actionable negligence. The defendant sets up as a defense: "That upon its organization, the plaintiff herein was duly elected and constituted its vice-president and general manager, which position he occupied at the time of the accident set forth in the complaint, and as such vice-president and general manager had exclusive charge, control and management of the defendant's work,

employees, business and machinery, and had full authority to do and perform any and all acts necessary for the proper management of its business, which was that of mining and shipping iron ore."

The plaintiff admits in his testimony that he was vice-president and general manager. Plaintiff was one of the original three stockholders; he, his wife and Scott Litton organized the company. The minutes of the directors' meeting show: "The president announces that he has employed as general manager, L. L. Heaton, at a salary of $300.00 per month and this action was unanimously approved by the board of directors." Plaintiff testified: "Yes, I could discharge any man there or get more if I needed them. Yes, while I was in full charge of the job I got my toe injured. . . . Yes, I went to help unload the crusher, and while helping to unload it I got my toe mashed."

The entire evidence, taken in a light most favorable to plaintiff, giving him the benefit of every reasonable intendment and every reasonable inference to be drawn therefrom, we do not think sufficient to be submitted to a jury.

Judgment affirmed.