J. L. KENNEDY v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 9 December, 1931.)

1. **Master and Servant C b—Conflicting evidence on question of master's liability held properly submitted to the jury.**

The lineman of a telegraph company in pursuance of his duty had climbed to the top of a pole to fix the wires, and the pole fell causing personal injuries to him. His evidence tended to show that he was subject to the order of the defendant's maintenance foreman whose duty it was to have inspected the pole, that the pole was rotten under the ground which could not have been discovered by the plaintiff in the exercise of ordinary care and which should have been discovered by the maintenance foreman in the exercise of his duty of inspection. The defendant pleaded contributory negligence and its evidence tended to show that the plaintiff was in charge of the work and was under duty to inspect the pole and should have discovered and avoided the danger. *Held:* the conflicting evidence was properly submitted to the jury on the question of the defendant's failure to exercise due care to provide the plaintiff with a reasonably safe place to work.

2. **Trial D a—Where plaintiff gives conflicting testimony it affects his credibility as witness but does not entitle defendant to nonsuit.**

Apparent contradictions or inconsistencies in the evidence of a plaintiff testifying in his own behalf in a civil action will not entitle the defendant to a judgment as in case of nonsuit or to a directed verdict, when he has also testified to matters tending to sustain his action, such contradictions going only to his credibility as a witness.

3. **Trial E c—Where instructions requested are substantially given in the charge refusal to give instructions requested is not error.**

The refusal of the trial judge to give a prayer for special instructions will not be held for error when the instructions requested are substantially given in the general charge.

4. **Trial E f—Incorrect statement of contentions of party must be called to attention of trial court in apt time.**

An incorrect statement in the charge of the trial judge to the jury as to the contentions of a party will not be held for error unless the complaining party has called the matter to the attention of the judge in time to afford him an opportunity to correct the misstatement.

5. **Trial E b: E g—Held: construing charge as a whole the trial court did not express opinion as to weight and credibility of evidence.**

Where the trial court charges the jury that if they should find the facts to be as contended by the defendant, that the plaintiff could not recover, and in the next succeeding paragraph states the converse of the proposition, an exception by the defendant to the latter portion of the charge will not be held for error as an expression of opinion by the court on the weight and credibility of the evidence, the charge being correct when construed contextually as a whole.

6. **Trial E e—Where court correctly charges the law applicable a party desiring greater elaboration should tender request therefor.**

Where the trial court substantially instructs the jury upon the issue of the measure of damages, the objecting party desiring a more elaborate statement of the law should make a special request therefor in order to avail himself of an exception on appeal.

APPEAL by defendant from *Finley, J.,* at April Term, 1931, of GUILFORD. No error.

In his complaint the plaintiff alleged that on 10 April, 1929, he was in the service of the defendant as a lineman, doing work in Dinber, S. C., and was required to climb one of the defendant's poles for the purpose of disconnecting certain wires; that he braced the telegraph pole with four pike poles; that while he was in the act of releasing the wires, or after he had released them, the main pole and one of the pike poles broke; and that he was thrown to the ground and injured. The defendant denied all allegations of negligence and pleaded the plaintiff's contributory negligence in bar of his recovery. The issues of negligence, contributory negligence, and damages were answered in favor of the plaintiff and the defendant excepted and appealed.

The principal allegation of negligence is the defendant's failure to use ordinary care to provide for the plaintiff a safe pole and safe pike poles.

The defendant contended that the plaintiff had charge of the work, that it was his duty to inspect the poles, and that if they were defective

he should have discovered the defect and avoided the danger. It was the plaintiff's contention that he was not the supervisor of the work and that he was subject to the orders of a superior officer of the defendant.

*H. L. Koonts and Walser & Casey for plaintiff.*
*Francis R. Stark, King & King and Sapp & Sapp for defendant.*

ADAMS, J. The first and second assignments of error are addressed to the question whether the defendant is entitled to a judgment of non-suit, and the seventh, eighth, and ninth, to the question whether upon all the evidence the court should have instructed the jury to answer the first issue against the plaintiff, the defendant insisting that the plaintiff had supervision of the work and that it was his duty to take such reasonable and available precaution for his own safety as the dangerous character of the service required. The defendant's position conforms to the established rule. *Hicks v. Mfg. Co.,* 138 N. C., 319; *Covington v. Furniture Co., ibid.,* 374; *Mace v. Mineral Co.,* 169 N. C., 143; *Heaton v. Iron Co.,* 191 N. C., 835. But the evidence on this point is not all one way. There is testimony tending to support the defendant's contention; there is other testimony to the effect that the plaintiff was subject to the orders of the maintenance foreman. This conflict in the testimony imposed upon the court the duty of submitting the question to the jury. If the plaintiff's contention is correct, as the jury decided, the plaintiff had a right to assume that the defendant had discharged its duty of inspection unless the defect in the poles was so apparent that the plaintiff should have discovered it by exercising ordinary care. *Chesson v. Lumber Co.,* 118 N. C., 59; *Horne v. Power Co.,* 141 N. C., 50. The plaintiff testified that the pole was "rotten inside and under the ground"; and upon this he rests the contention that the defect was not discoverable by him but should have been discovered by the defendant in performing the duty of inspection.

Error would have been committed if the court had directed a verdict for the defendant on the second issue. Whether the plaintiff exercised proper care was a matter for the jury. He testified that he examined the pole before he went up on it; that he had had ten years experience and knew how to examine it; and that after the examination it seemed to be safe. Any apparent contradiction or inconsistency in his testimony did not destroy its competency; it was merely a circumstance tending to affect his credibility as a witness.

The third, fourth, and fifth assignments cannot be sustained for the reason that in effect they eliminate consideration of the defendant's alleged negligence and absolve the defendant in any view of the evidence from the duty of inspection. The sixth relates to a prayer for instruc-

tion, the substance of which, or so much of it as the defendant was entitled to, is embraced in the charge.

The subject of the tenth assignment is the statement of a mere contention of the defendant, which if objectionable should have been called to the attention of the court at the time so that it might be corrected. *S. v. Ashburn,* 187 N. C., 717; *Snyder v. Asheboro,* 182 N. C., 708.

The instruction referred to in the eleventh exception if taken as a detached portion of the charge is incomplete; but when considered in connection with other portions, the charge being construed in its entirety, the paragraph excepted to does not constitute valid ground for a new trial. After giving specific instructions on the first issue his Honor told the jury that if they should find that the plaintiff had charge of the work and did not exercise reasonable care and that the injury was the result of his negligence he would not be entitled to recover. The ensuing paragraph was a statement of the converse of this proposition and must be construed in its relation to the whole charge.

The instruction as to damages is in substantial compliance with the law. *Ruffin v. R. R.,* 142 N. C., 120; *Wallace v. R. R.,* 104 N. C., 442. If the defendant desired a more elaborate statement of the rule in reference to the present value of the plaintiff's diminished earning capacity he should have requested an instruction to this effect. *Murphy v. Lumber Co.,* 186 N. C., 746; *Hill v. R. R.,* 180 N. C., 490, 493. We find

No error.