WILLIAM LAMONT v. HIGHSMITH HOSPITAL ET AL.

(Filed 28 February, 1934.)

**1. Appeal and Error J g—**

Where a new trial must be awarded on appeal on one of appellant's exceptions and assignments of error, other exceptions and assignments of error need not be considered.

**2. Damages F a—Instruction failing to limit future damages to their present cash value is held for reversible error.**

An instruction on the question of future damages which plaintiff might recover for personal injury which fails to limit the recovery to the present cash value of such future losses *is held* for reversible error, a sum in cash being of greater value than the same sum payable in the future, and the instruction complained of being calculated to appreciably augment the recovery.

APPEAL by defendants from *Sinclair, J.,* at April Term, 1933, of HOKE.

Civil action to recover damages for defendants' alleged negligent failure properly to care for plaintiff after an operation for fistula, in which the "sacral nerve block" was used, temporarily deadening the nerves in the lower part of the body, and hot water bottles applied to plaintiff's feet following said operation, resulting in a third degree burn on plaintiff's left foot near the base of his little toe from said hot water bottles. The burn reached the bone, necrosis set in, and affected the whole system.

The case was nonsuited as to the corporate defendant (hospital), and upon denial of liability by the individual defendants, and issues joined, the jury returned the following verdict:

"1. Was the plaintiff injured by the negligence of the defendants, Drs. J. F. Highsmith and J. D. Highsmith, as alleged in the complaint? Answer: Yes.

"2. If so, what damage did plaintiff sustain? Answer: $20,000."

Judgment on the verdict, from which defendants appeal, assigning errors.

*Robert A. Collier, L. R. Varser, O. L. Henry and R. A. McIntyre* for plaintiff.

*Oates & Herring and Dye & Clark (on appeal)* for defendants.

STACY, C. J. The validity of the trial is called in question by a number of exceptions and assignments of error, but consideration of them *serialim* is omitted, as it is necessary to award a new trial for error in the following instruction on the issue of damages:

"If you come to pass upon the question of damages, gentlemen, for his physical injury, physical pain and suffering, his mental pain and suffering or by the diminishment of his capacity to work, his ability to make money, you consider all past damages, all future damages and make it all in one sum, all past and prospective damage, if you find there will be any prospective injury."

This charge is defective in that it fails to limit plaintiff's recovery for future losses to the present cash value or present worth of such losses. *Taylor v. Const. Co.,* 193 N. C., 775, 138 S. E., 129.

Speaking to a similar instruction in *Murphy v. Lumber Co.,* 186 N. C., 746, 120 S. E., 342, it was said: "Defendant's position in regard to limiting the damages, if any, which may accrue in the future to the present cash value or present worth of such damages is undoubtedly the correct one, for if the jury assess any prospective damages, the plaintiff is to be paid now, in advance, for future losses. The sum fixed by the jury should be such as fairly compensates the plaintiff for injuries suffered in the past and those likely to occur in the future. The verdict should be rendered on the basis of a cash settlement of the plaintiff's injuries, past, present and prospective."

The pertinent decisions on the subject are assembled in *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339.

To like effect is the Federal rule in actions to recover under the Federal Employers' Liability Act, as stated in *C. & O. R. Co. v. Kelly, Admr.,* 241 U. S., 485:

"So far as a verdict is based upon the deprivation of future benefits, it will afford more than compensation if it be made up by aggregating the benefits without taking account of the earning power of the money that is presently to be awarded. It is self-evident that a given sum of money in hand is worth more than the like sum of money payable in the future. . . . In computing the damages recoverable for the deprivation of future benefits, the principle of limiting the recovery to compensation requires that adequate allowance be made, according to

circumstances, for the earning power of money; in short, that when future payments or other pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only."

The Federal rule was further elaborated in *Gulf C. & S. F. Ry. Co. v. Moser,* 275 U. S., 133.

The instruction of which the defendants complain was calculated appreciably to augment the recovery, which it undoubtedly did, and must be held for reversible error; otherwise the ruling would be discordant with the current of authority on the subject.

New trial.