WILLIAM T. DAUGHTRY, JR., v. F. D. CLINE.

(Filed 2 June, 1944.)

**1. Negligence § 14—**

Where plaintiff is so absorbed in the performance of his duties as to render him oblivious of danger, and this obliviousness to danger is apparent, or should, in the exercise of due care, have been apparent to the defendant, the defendant is thereby charged with the duty of using due care to avoid injuring the plaintiff, and the plaintiff is not guilty of such contributory negligence as would bar him from recovery against the defendant for not exercising due care to protect himself from the danger which was obvious or should, in the exercise of due care, have been obvious to the defendant.

**2. Negligence § 19b—**

A judgment of involuntary nonsuit on the ground of contributory negligence of the plaintiff cannot be rendered unless the evidence is so clear on that issue that reasonable minds could draw no other inference. Contributory negligence can be taken advantage of on a motion as of nonsuit when the plaintiff's own evidence tends only to establish it, as he thus proves himself out of court.

**3. Damages §§ 1a, 13—**

In an action to recover damages for injuries to plaintiff, allegedly caused by the negligence of the defendant, there is error in a charge to the jury,

on the measure of damages, which fails to limit the plaintiff's recovery for future losses to the present cash value or present worth of such losses.

BARNHILL, J., concurring.

STACY, C. J., dissenting.

WINBORNE, J., concurs in dissenting opinion.

APPEAL by defendant from *Dixon, Special Judge,* at October Term, 1943, of CUMBERLAND.

This is a civil action brought to recover damages for injuries alleged to have been caused by the negligence of the defendant in backing a truck over the plaintiff, while engaged in the construction of a taxiway at Fort Bragg, wherein actionable negligence was denied and a plea of contributory negligence interposed. The usual issues involving actionable negligence of the defendant, contributory negligence of the plaintiff, and damages were submitted to and were answered by the jury in favor of the plaintiff. From judgment predicated on the verdict the defendant appealed, assigning error.

*W. C. Downing, James R. Nance, and McLean & Stacy for plaintiff, appellee.*

*Ruark & Ruark and Thomas W. Ruffin for defendant, appellant.*

SCHENCK, J. The defendant, appellant, sets out in his brief two groups of exceptions relied upon by him for a reversal of the judgment of the court below or for the awarding of a new trial. The first group is based upon the refusal of the court to sustain the demurrer to the evidence duly lodged under G. S., 1-183, and the second group is based upon a portion of the charge relative to the third issue involving the measure of damage.

The evidence tends to show that the plaintiff, William T. Daughtry, Jr., while engaged as a civil engineer by the Government on a government project let to the defendant, F. D. Cline, for the construction of a taxiway at Pope Field, Fort Bragg, and while inspecting a sub-grade, in grading the taxiway, prior to the placing of asphalt thereon, was injured by the backing of a truck over him. It was defendant Cline's business to get the grade satisfactory for surfacing, and in order to do this it was necessary for him to sprinkle the surface with a sprinkler on trucks. While the plaintiff was "squatting down" to determine a level on the taxiway in the course of construction one Emmett Graham, who was driving a sprinkler truck for the defendant, backed said truck over the plaintiff from his rear, seriously injuring him.

The defendant, on his motion for judgment as in case of nonsuit, does not stress in his argument any contention that there was not sufficient

evidence to go to the jury upon the issue of the defendant's actionable negligence, but does seriously urge that under all the evidence the plaintiff was guilty of contributory negligence, and that the defendant's motion for dismissal should for this reason have been allowed.

While under authority of *Moore v. R. R.,* 185 N. C., 189, 116 S. E., 409, the fact that the evidence tends to show that the plaintiff might have been so absorbed in his duties as to render him oblivious of his danger, and to have thereby created the duty on the part of the driver of the truck to exercise due care to observe such danger and avoid it, we do not concur with the contention of the defendant that the evidence of the action of the plaintiff established contributory negligence as a matter of law. The fact that the evidence tends to show that the plaintiff apparently did not see or did not hear the backing truck, or certainly did not avoid the collision with it, does no more than furnish some evidence of negligence on his part, a failure to use due care for his own protection. The court apparently took this view of the case when it denied the motion to dismiss the action and submitted the issue of contributory negligence; and to the court's charge on this issue there is no exception, except as the motion to dismiss implies an exception not only to the submission of the issue, but also to all of the charge relative thereto.

There are a number of cases which hold that where a plaintiff is so absorbed in the performance of his duties as to render him oblivious of danger, and this obliviousness to danger is apparent, or should, in the exercise of due care, have been apparent to the defendant, the defendant is thereby charged with the duty of using due care to avoid injuring the plaintiff, and the plaintiff is not guilty of such contributory negligence as would bar him from recovery against the defendant for not exercising due care to protect himself from the danger which was obvious or should, in the exercise of due care, have been obvious to the defendant. *Moore v. R. R., supra; Davis v. R. R.,* 175 N. C., 648, 96 S. E., 41; *Lassiter v. R. R.,* 133 N. C., 244, 45 S. E., 570; *Brown v. R. R.,* 144 N. C., 634, 57 S. E., 397.

A judgment of involuntary nonsuit on the ground of contributory negligence of the plaintiff cannot be rendered unless the evidence is so clear on that issue that reasonable minds could draw no other inference. *Manheim v. Taxi Corp.,* 214 N. C., 689, 200 S. E., 382. Contributory negligence can be taken advantage of on a motion as of nonsuit when the plaintiff's own evidence tends only to establish it, as he thus proves himself out of court. *Elder v. R. R.,* 194 N. C., 617, 140 S. E., 298; *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137, and cases there cited.

We do not concur with the contention of the defendant that the evidence of the plaintiff is so clear that reasonable minds could draw but the single inference of the plaintiff's contributory negligence, or that such evidence tends only to establish such contributory negligence. The exceptions to the refusal to grant the defendant's motion to dismiss under G. S., 1-183, are not sustained.

The second group of assignments of error set out in the defendant's brief are based on an excerpt from his Honor's charge on the third issue relative to the measure of damage. It is urged for error that the court charged the jury as follows: "So, gentlemen, if you come to consider that question, the third issue, you have a right to take into consideration the age of the plaintiff at the time, his physical and mental condition at the time, and his physical and mental condition since, resulting from this accident; his means and ability to engage in useful and gainful occupation for his livelihood, his ability to make money, and you may take into consideration the pain he has suffered, the loss of time, the lack of opportunity to engage in profitable employment or gainful occupation as a result of this injury. You may consider all these things and let your answer be in one lump sum, what you think would be a fair amount to fairly compensate him for his pain and suffering, physical ills and disabilities, sustained as a result of the accident; and his reduced earning capacity and inability to carry on, resulting from the accident, and say in one lump sum what would be a fair amount of award to compensate him for his injuries."

The plaintiff alleged in his complaint that he had been seriously and permanently injured, that he probably would never be able to walk again except by the use of crutches, and that he probably will continue an invalid the remainder of his life. The plaintiff introduced evidence including the testimony of Dr. R. L. Pittman, the physician who attended him, tending to substantiate the allegations made in the complaint.

The defendant contends that since the charge contains no clause limiting any recovery for any losses which might accrue in the future to the present cash value, or present worth of such losses, the excerpt assailed was error. With this contention we are constrained to agree.

While it is conceded that the excerpt from the charge under consideration may be in substantial accord with the charge in *Murphy v. Lumber Co.,* 186 N. C., 746, 120 S. E., 342, still we are unable to reconcile what is said in the case at bar with other utterances of the court upon the subject over a long period of years. In *Lamont v. Hospital,* 206 N. C., 111, 173 S. E., 46, in speaking to the subject, it is written: "This charge is defective in that it fails to limit the plaintiff's recovery for future losses to the present cash value or present worth of such losses. *Taylor v. Construction Co.,* 193 N. C., 775, 138 S. E., 129." The pertinent

decisions on the subject are assembled in *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339, and in *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690.

We conclude that we should follow the long line of decisions, which seem to be sustained by sound reasoning. We, therefore, hold that the assignment of error addressed to the charge was well taken, and entitles the defendant to a

New trial.

BARNHILL, J., concurring: In an action such as this, when evidence is offered tending to show permanent injury and a loss of capacity to earn money in the future, two questions of law immediately arise: (1) Is the loss of earning capacity an element of damage for which plaintiff is entitled to compensation; and (2) what is the rule or measure of damages to be followed in ascertaining the amount which will constitute just compensation for such loss?

Each is a part of the substantive law of the case. It is as essential that the jury be advised as to the one as the other. Hence, it is the duty of the trial judge to explain and apply both to the evidence in the case. We have repeatedly held a failure so to do is sufficient cause for a new trial.

Speaking to the subject in *Johnson v. R. R.,* 163 N. C., 431, *Walker, J.,* says: "In an action for injuries by negligence, such as this one, the plaintiff is only entitled to recover the reasonable present value of his diminished earning capacity in the future. . . . The damages to be awarded for a negligent personal injury resulting in a diminution of earning power is a sum equal to the present worth of such diminution. . . . Any other principle, if adopted, would enable a plaintiff to recover more than could possibly be earned, as no man realizes at once the full earnings or accumulations of a lifetime."

In *Taylor v. Construction Co.,* 193 N. C., 775, 138 S. E., 129, *Brogden, J.,* says: "The charge is defective because it fails to limit the damage which may accrue in the future by virtue of permanent injury to the present cash value or present worth thereof."

In *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339, it is stated: "Defendant's position in regard to limiting the damages, if any, which may accrue in the future to the present cash value or present worth of such damages is undoubtedly the correct one. . . .

"The charge is defective in that it fails to limit the plaintiff's injury to the present worth of a fair and reasonable compensation . . . for his permanent injuries, if any, resulting in the impairment of his power or ability to earn money."

And in *Lamont v. Hospital,* 206 N. C., 111, 173 S. E., 46, it is said: "This charge is defective in that it fails to limit plaintiff's recovery for future losses to the present cash value or present worth of such losses."

There are many other cases in this jurisdiction of like import. They are, in large measure, cited in the opinions above referred to. See also Anno. 77 A. L. R., 1446.

The cases cited in the dissenting opinion deal primarily with the first question and hold that loss of capacity to earn money in the future is an element of damage for which compensation is to be allowed. This is established law in this State, and it is not challenged or debated on this appeal. Likewise, Sutherland, in his work on Damages, lists future losses as one of the elements of damages for which compensation is to be had. Vol. 3, p. 221. But it must be noted that in discussing the measure of the recovery he lays down the rule that only the present cash value or present worth of future losses are to be recovered. Vol. 4, sec. 1249, p. 4728. See also Vol. 1, p. 198.

Thus, the divergence of opinion really comes to this: Is a full and correct charge on the first rule relating to the elements of recoverable damages, with the further statement "you may consider all these things and let your answer be in one lump sum, what you think would be a fair amount to fairly compensate him for his pain and suffering, physical ills· and disabilities, sustained as the result of the accident; and his reduced earning capacity and inability to carry on, resulting from the accident, and say in one lump sum what would be a fair amount of award to compensate him for his injuries," a substantial compliance with G. S., 1-180; C. S., 564, rendering the rule as to the measure of damages merely secondary, and a failure to charge more fully thereon, in the absence of a prayer for instructions, harmless error?

I concur in the majority view. The rule or measure of damages to be followed in ascertaining what is just compensation for future losses is a part of the substantive law of the case. It is just as essential as the law defining the elements of recoverable damages.

Here there is error of commission as well as error of omission. The rule stated, if considered as relating to the measure of damages, is incorrectly stated. Plaintiff is entitled to recover only the present cash value of losses resulting from "the lack of opportunity to engage in profitable employment or gainful occupation" and "his reduced earning capacity and inability to carry on." Thus, there was a positive misstatement of the rule, which permitted a larger recovery than that allowed by law.

In some cases it may be held for harmless error, but in cases such as this, where the plaintiff relies very largely upon evidence tending to show future losses and in which it is apparent the jury gave considerable consideration to that line of testimony, it is essential that the judge explain

and apply the rule to the evidence in the case. A failure to do so is harmful error.

STACY, C. J., dissenting: In a warmly contested trial lasting the greater part of a week, two exceptions are presented, and one in respect of the charge on the measure of damages is held for error.

The instruction here challenged seems to have been taken from 3 Sutherland on Damages (1st Ed.), 261, and was approved by this Court in *Wallace v. R. R.*, 104 N. C., 442, 10 S. E., 552; *Clark v. Traction Co.*, 138 N. C., 77, 50 S. E., 518, 107 Am. St. Rep., 526; and *Muse v. Motor Co.*, 175 N. C., 466, 95 S. E., 900. See, also, *Patterson v. Nichols*, 157 N. C., 406, 73 S. E., 202, where the Statement is characterized as "full and comprehensive," and *Rushing v. R. R.*, 149 N. C., 158, 62 S. E., 890, where it is laid down as "the true rule." For ready comparison, the instruction approved in these cases is reproduced here:

"In this class of cases the plaintiff is entitled to recover as damages one compensation for all injuries, past and prospective, in consequence of the defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses and loss of time, or loss from inability to perform ordinary labor, or capacity to earn money. Plaintiff is to have a reasonable satisfaction (if he is entitled to recover) for loss of both bodily and mental powers, or for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury."

Substantially the same instruction was again upheld in *Ruffin v. R. R.*, 142 N. C., 120, 55 S. E., 86; *Alley v. Pipe Co.*, 159 N. C., 327, 74 S. E., 885; *Ledford v. Lumber Co.*, 183 N. C., 614, 112 S. E., 421; and *Murphy v. Lumber Co.*, 186 N. C., 746, 120 S. E., 342. The instruction is also set out in each of these cases. The last reference to the Sutherland statement of the rule seems to be in the case of *Williams v. Stores Co.*, 209 N. C., 591, 184 S. E., 496, where the plaintiff was allowed to recover for prospective expenses for "nursing and medical services" without any reference to the present worth of such expenses, opinion by *Devin, J.* See 15 Am. Jur., 485.

Speaking to a similar instruction (as appears from the original record) in *Kennedy v. Tel. Co.*, 201 N. C., 756, 161 S. E., 396, *Adams, J.*, delivering the opinion of the Court, said: "The instruction as to damages is in substantial compliance with the law. *Ruffin v. R. R.*, 142 N. C., 120; *Wallace v. R. R.*, 104 N. C., 442. If the defendant desired a more elaborate statement of the rule in reference to the present value of the plaintiff's diminished earning capacity he should have requested an instruction to this effect. *Murphy v. Lumber Co.*, 186 N. C., 746; *Hill v. R. R.*, 180 N. C., 490."

In the instant case, just after concluding the charge on the measure of damages, the court addressed the following inquiry to counsel: "Gentlemen, are there any prayers or instructions or anything you care to have me give in the charge?" (No response.)

A like situation and a like question arose in the case of *Hill v. R. R.,* 180 N. C., 490, 105 S. E., 184. There *Walker, J.,* delivering the opinion of the Court, said: "If the defendant desired it to be stated more fully, or in any special way, he should himself have asked for an instruction sufficient to present his view, or so as to direct the attention and consideration of the jury more pointedly to the rule of damages. . . . 'A party cannot be silent under such circumstances, and, after availing himself of the chance to win a verdict, raise an objection afterwards. He is too late. His silence will be adjudged a waiver of his right to object, where the instruction of the court is not itself erroneous.' . . . The instruction, as to damages, was somewhat general, but not inherently erroneous, and, therefore, the rule of practice, which we have just stated, should apply."

While recognizing the correctness of the present-worth rule, there are many decisions upholding recoveries in the absence of any reference to the matter by the trial court. In 77 A. L. R., 1459, the annotator makes the following statement, and cites numerous Federal and State authorities, including two from North Carolina, to support it: "The most common ground for refusing relief on appeal from a verdict rendered in the absence of a charge limiting recovery for loss of future benefit to present worth is the failure of counsel for the defendant to request such an instruction, the general instruction given being correct, and, hence, the error being one of nondirection rather than misdirection."

Not only was there no request for any elaboration of the instruction now assigned as error, but after hearing the charge and being invited to offer suggestions, the defendant remained silent and quiescent, and the law says acquiescent. *Futch v. R. R.,* 178 N. C., 282, 100 S. E., 436. "If a party desires fuller or more specific instructions, he must ask for them and not wait until the verdict has gone against him and then, for the first time, complain of the charge." *Simmons v. Davenport,* 140 N. C., 407, 53 S. E., 225; *Davis v. Keen,* 142 N. C., 496, 55 S. E., 359; *Harris v. Turner,* 179 N. C., 322, 102 S. E., 502. In *S. v. Yellowday,* 152 N. C., 793, 67 S. E., 480, it was said that this principle has been so often announced "it may be considered as thoroughly well established, if not elementary."

The precise rule of practice which the plaintiff here invokes to sustain his recovery was applied in the cases of *Hill, Murphy,* and *Kennedy, supra.* Daughtry is on all-fours with these cases. The plaintiff is not relying on "one isolated case" as the majority opinion suggests. Nor is he asking for any consideration not accorded other litigants.

DAUGHTRY v. CLINE.

The majority concedes that Murphy is a direct authority for the plaintiff's position, and while this case is singled out for disapproval, it is not alone in our Reports. It has been cited a number of times, and not until the present case has it met with disfavor. In *Johnston v. Johnston,* 213 N. C., 255, 195 S. E., 807, attention was called to the fact that the charge did not specifically refer to future losses. The same is true here.

Usually error comes from talking too much rather than too little. The defendant was apparently satisfied with the instruction at the time. The contention is not that the charge is inherently erroneous, but that it is too brief or inelaborate. The criticism appears meticulous and attenuate. The charge complies with the law as heretofore declared in a number of cases. See *Wallace, Clark, Muse, Patterson, Rushing, Alley, Hill, Ruffin, Ledford, Murphy, Kennedy, Johnston, supra,* and *Britt v. R. R.,* 148 N. C., 37, 61 S. E., 601; *Boney v. R. R.,* 145 N. C., 248, 58 S. E., 1082. Indeed, the twice-repeated expression "in one lump sum" was intended to mean, and did mean, that the award should be on the basis of "a cash settlement of the plaintiff's injuries, past, present and prospective." *Ledford v. Lumber Co., supra;* 8 R. C. L., 663. The parties evidently so understood it when they made no response to the court's inquiry. Such was its definition by the trial court in *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353, as witness the following (and only) reference to the present-worth rule in that case: "Respecting those damages which may accrue in the future, that is, their present worth, if paid to her now in a lump sum." On the whole and under the circumstances disclosed by the record, it would seem that no error has been made manifest. 77 A. L. R., 1459.

The case of *Lamont v. Hospital,* 206 N. C., 111, 173 S. E., 46, is distinguishable. There the principal element of damage was the plaintiff's claim or apprehension of prospective loss. This was stated in the charge at least three times, and so emphasized as to augment the recovery. The opinion there is grounded on argumentation as a result of the court's action. The same may be said of the other cases cited by the majority, as will appear from an examination of each of the cited cases. No such result is apparent here. See *Boney, Johnston,* and *Cole, supra.* The plaintiff was entitled to have the jury consider the depreciation of money in a war economy as well as the lessened difference between its present worth and future value. 77 A. L. R., 1439. Moreover, the facts of the two cases are quite different. Lamont belongs to one line of decisions; Daughtry to another.

Finally, with liability fairly established and some of plaintiff's witnesses now in the armed services, if a new trial is to be ordered, it should be limited to the issue of damages, as was done in *Johnson v. R. R.,* 163

N. C., 431, 79 S. E., 690; *Rushing v. R. R., supra; Tillett v. R. R.,* 115 N. C., 662, 20 S. E., 480; *Pickett v. R. R.,* 117 N. C., 616, 23 S. E., 264, and other cases. The subject case falls in the same category.

Why should the defendant, whose negligence has been established and who was silent when invited to speak about the very matter of which he now complains, be allowed "two bites at the whole cherry"?

WINBORNE, J., concurs in dissenting opinion.