### ANNE B. JOHNSTON v. ALEXANDRIA G. JOHNSTON.

#### (Filed 23 March, 1938.)

1. **Husband and Wife § 34—**

   In this action by a married woman against her mother-in-law for alienation of the affections of plaintiff's husband, the evidence *is held* sufficient to be submitted to the jury.

2. **Husband and Wife § 32—Parent must act in good faith in regard to marital relations of child.**

   The relation of parent and child justifies the parent in giving the child counsel and advice in regard to the child's marital relations so long as the parent acts in good faith, but the injured spouse may maintain an action for alienation when the parent acts with malice in breaking up the marital relation.

3. **Husband and Wife § 36—Loss of support is proper element of damage in action for alienation.**

   Loss of support or assistance is a proper element of damage in an action for alienation, but plaintiff must introduce some evidence of the value of support of which she was deprived in order for it to be included in the award, and the instruction on this issue in this case *is held* not objectionable on the ground that it failed to limit recovery to the present cash value of future assistance, there being no reference in the charge to any future loss of assistance.

4. **Damages § 14: Appeal and Error § 37b—**

   Objection on the ground that the verdict awarded excessive damages rests in the sound discretion of the trial court, and a verdict will not be disturbed on appeal in the absence of abuse of discretion or some error of law or legal inference in connection therewith.

APPEAL by defendant from *Johnston, J.,* at August Term, 1937, of BUNCOMBE.

Civil action for alienation of affections.

The complaint alleges a cause of action by a daughter-in-law against her mother-in-law for alienation of her husband's affections. Upon denial of liability and issues joined, the jury returned the following verdict:

JOHNSTON *v.* JOHNSTON.

"1. Did the defendant, Mrs. Alexandria G. Johnston, maliciously alienate the affections of the plaintiff's husband and cause him to abandon his wife, the plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. If so, did the defendant, Alexandria G. Johnston, act from personal ill will towards the plaintiff or wantonly or oppressively or from reckless indifference to her rights? Answer: 'Yes.'

"3. What amount, if any, of compensatory damages is the plaintiff entitled to recover of the defendant, Mrs. Alexandria G. Johnston? Answer: '$10,000.'

"4. What amount, if any, of punitive damages is the plaintiff entitled to recover of the defendant, Mrs. Alexandria G. Johnston? Answer: 'None.' "

From judgment on the verdict the defendant appeals, assigning errors.

*Alvin S. Kartus and Beddow, Ray & Jones for plaintiff, appellee.*
*Jones, Ward & Jones for defendant, appellant.*

STACY, C. J. A married woman sues her mother-in-law for alienation of her husband's affections and recovers $10,000. That is this case. The record is replete with a story of domestic and family infelicity. It would serve no useful purpose to repeat it here. Suffice it to say the evidence adduced on the hearing was such as to require its submission to the jury. *Cottle v. Johnson,* 179 N. C., 426, 102 S. E., 769; *Powell v. Strickland,* 163 N. C., 393, 79 S. E., 872.

In passing, it may be observed that parents occupy a different position from a stranger in these matters. They, too, have a great interest at stake. Times of stress, with their attendant solicitude on the one hand and desire for aid on the other, naturally bring parent and child together for counsel and advice. This the law condones and does not condemn. Its one requirement is good faith. As said by *Kent, Ch. J.,* in *Hutcheson v. Peck,* 5 Johns., 196, "A father's house is always open to his children; and, whether they be married or unmarried, it is still to them a refuge from evil, and a consolation in distress. Natural affection establishes and consecrates this asylum." Nor does the law deny to a child the right to appeal to its parent, in the language of Wister, actually or figuratively: "In this moment of uncertainty and doubt my heart turns intensely to thee from whom it has so often sought, from whom it has never failed to receive, support." On the other hand, the law will not tolerate peccancy, or officious intermeddling and malicious interference with the marital rights of others, either on the part of parents or any one else. The line of demarcation between the permissible and the unlawful in this connection is to be determined by the *quo animo* of the parent. The rights of parents end at the border of

good faith. The case was submitted to the jury under a charge enunciating the above principles, with the result as noted.

While some of the exceptions are not altogether free from difficulty, nevertheless, viewing the record in its entirety, the conclusion is reached that it contains no exceptive assignment of error upon which a new trial should be awarded. The case was made to turn on whether the defendant, in what she did, was actuated by natural parental regard for her son or by malice towards the plaintiff. *Hankins v. Hankins,* 202 N. C., 358, 162 S. E., 766; *Townsend v. Holderby,* 197 N. C., 550, 149 S. E., 855; *Brown v. Brown,* 124 N. C., 19, 32 S. E., 320. For valuable case on the subject, see *Multer v. Knibbs,* 193 Mass., 556, 79 N. E., 762, as reported in 9 L. R. A. (N. S.), 322, with note.

It is urged for error that in enumerating the elements of damage "loss of his assistance" was included, without limiting such future loss, if any, to its present worth or present cash value. *Lamont v. Hospital,* 206 N. C., 111, 173 S. E., 46. Without making definite ruling upon this point it is sufficient to say that no reference is made in the court's charge to any future loss of assistance. *Murphy v. Lbr. Co.,* 186 N. C., 746, 120 S. E., 342. It is established by the authorities that loss of support, if shown to be of value, is a proper element of damages in a case of this kind. *Nichols v. Nichols,* 147 Mo., 387, 48 S. E., 947; *Jenness v. Simpson,* 84 Vt., 127; *Stanley v. Stanley,* 32 Wash., 489; *Waldron v. Waldron,* 45 Fed. Rep., 315; Note 8 Ann. Cas., 815; Annotation 10, British Ruling Cases, p. 394; Keezer, Marriage and Divorce (2nd Ed.), sec. 162; 30 C. J., 1148. "In fixing the amount of damages in such a case, the jury may consider the plaintiff's loss of her husband's affections and society, the loss of his support and protection, and the injury to her feelings caused by the defendant's conduct." Third headnote, *Noxon v. Remington,* 78 Conn., 296. There must be some evidence of the value of the loss of support before it can be made an element of the award. *Rice v. Rice,* 104 Mich., 371, 62 N. W., 833. "The services, conjugal affection and society of a husband is valuable property, and, in a suit by the wife for the alienation of her husband's affections, the measure of damages is the value of the husband of whom she has been deprived." First headnote, *Daywilt v. Daywitt,* 63 Ind. App., 444.

The verdict may be excessive. However, it is the rule in this jurisdiction that in the absence of some imputed error of law or legal inference arising in connection therewith the direct supervision of verdicts is a matter resting in the sound discretion of the trial court and is not reviewable on appeal. *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353; *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686.

Nothing appears on the record which would seem to warrant a disturbance of the judgment.

No error.