MRS. PEARL M. REA, ADMINISTRATRIX OF THE ESTATE OF JOYCE REA, DECEASED, v. SAMUEL S. SIMOWITZ, J. S. SIMOWITZ, BERNARD SIMOWITZ AND ISRAEL D. SHAPIRO, PARTNERS TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF NATIONAL EXPRESS, AND ROBERT WILLIAMS.

(Filed 22 May, 1946.)

**1. Death § 8—**

The measure of damages for wrongful death is the present value of the accumulations of the income which would have been derived from the person's own exertions after deducting the probable cost of his own living and ordinary expenses, based upon the person's life expectancy.

**2. Same—**

While the rule of admeasurement of damages for wrongful death is more difficult of application in the case of an infant under ten years of age, since the mortuary tables do not afford evidence of life expectancy of one so young, the rule is the same, and the expectancy of life may be determined by the jury upon consideration of the evidence of the constitution, health and habits of the infant under proper instructions from the court. G. S., 8-46.

**3. Appeal and Error § 38—**

Appellant has the burden not only to show error but also that the alleged error was prejudicial to the extent that the verdict of the jury was probably influenced thereby.

**4. Appeal and Error § 39e: Death § 8—**

This action was instituted to recover damages for wrongful death of a child nine years of age. For the purpose of illustrating the rule for the admeasurement of damages, the trial court used the figures 50 and 20 in referring to the life expectancy, but properly charged the jury to determine the life expectancy from the evidence of the constitution, health, habits, etc., of the child. *Held:* While the use of definite figures for the purpose of illustrating the use of the rule is not approved, construing the

charge as a whole, the use of the illustrations is not held prejudicial upon the record in this case.

### 5. Damages § 14—

The action of the trial court in offering to reduce the verdict, if agreed to, for the purpose of putting an end to the case, does not amount to a finding that the verdict was excessive, is not an abuse of discretion, and is not held for error.

APPEAL by defendants from *Hamilton, Special Judge,* at January Term, 1946, of MECKLENBURG. No error.

This was an action for damages for wrongful death of plaintiff's intestate, alleged to have been caused by the negligence of the defendants in the operation of a motor truck.

This case was here at Fall Term, 1945, and is reported in 225 N. C., 575, where the pertinent facts are stated. A new trial was awarded for error in the judge's instructions to the jury on the issue of damages.

On the second trial the defendants admitted negligence, and only the issue as to the amount of damages was submitted to the jury. Exception was noted to the following portion of the judge's charge:

"There is no yardstick by which, with any degree of accuracy, any jury can measure the value of a human life. A jury can do only as men of prudence and of discretion and common sense and reason are supposed to do: Consider the life itself, the age of the life before decease, the probability of fair development leading to prolonged life, and the consequences flowing from such developments of a natural life. The law, in effect, says that where a human life has been lost as a result of the actionable negligence of another person, the measure of damages is the present value of the pecuniary worth of the life of the deceased, to be ascertained by determining the probable net gross income of that life from his or her own labors or exertions, and by deducting from that probable cost of living and probable expenditures, and then estimating what is the reasonable value, present value, in dollars and cents of the accumulations resulting from that net gross income after those deductions of probable cost and probable expenditures. And those things you would ascertain and estimate on the basis of life's expectancy. That's a very material element which would enter into your computations and the estimates and ascertainments, the probable length of prolonged life of the one whose life has been taken. As I started to say before, as simply as I can state the rule it would be to say that where it is in evidence, as in this case, that the age of the deceased is definite and certain, you first would consider how much longer, in all probability, that life would have been extended or prolonged, or what was the reasonable expectation of prolonged life. If in your fair judgment you should determine that

the fair and reasonable expectancy would be fifty years, then, of course, your computations would be based upon a probably greater net gross income than if you should fairly ascertain that the probabilities were that the life would be extended—not fifty, but only twenty years. But after that has been fairly determined, then you would consider how much would have been the income from the labors, the exertions of the person, that is, the net gross income during the period of life, and then from that you would deduct what you'd find to be the probable reasonable cost of living, and the probable (personal) expenditures other than the cost of living, and deduct those things from what you fairly find to be a net gross income, and then figure the value in present-day terms of dollars and cents, as of the time of your computations."

The jury answered the issue in the sum of $15,000, and from judgment on the verdict, the defendants appealed.

*G. T. Carswell and John M. Robinson for plaintiff.*
*Jones & Smathers for defendants.*

DEVIN, J. Upon the admission that the negligence of the defendants proximately caused the death of the plaintiff's intestate, the trial below resolved itself into an inquiry of damages.

The plaintiff's evidence, which was uncontradicted, tended to show that intestate was a girl nine years of age; that she was a normal healthy child, bright and intelligent; regular in her attendance at school, happy and unusually attractive; of normal physical development for her age, and slightly above the average in size. No evidence of expectancy according to any mortuary table was offered.

Our statute, G. S., 28-174, permits the recovery for wrongful death of such damages as are a fair and just compensation for the pecuniary injury resulting from such death, and the measure of damages has been declared to be the present value of the accumulations of income which would have been derived from the person's own exertions, after deducting the probable cost of his own living and ordinary expenses, based upon the person's life expectancy; that is, for the period it is determined he would have continued to live if his life had not been cut off by the defendants' wrongful act or neglect. *Gurley v. Power Co.,* 172 N. C., 690, 90 S. E., 943; *Purnell v. R. R.,* 190 N. C., 573, 130 S. E., 313; *Carpenter v. Power Co.,* 191 N. C., 130, 131 S. E., 400; *Coach Co. v. Lee,* 218 N. C., 320, 11 S. E. (2d), 341. While the application of this rule necessarily involves an element of speculation, it affords the only available method for determining just compensation for the pecuniary injury to his estate resulting from the person's death, or as it has been expressed "the reasonable expectation of pecuniary advantage from the continued

life of the deceased." *Kesler v. Smith,* 66 N. C., 154. But the difficulty in determining fair and just compensation for the pecuniary injury increases when we consider the question of damages for the wrongful death of a child. This was expressed by *Douglas, J.,* in *Russell v. Steamboat Co.,* 126 N. C., 961, 36 S. E., 191, where it was said: "We see no distinction in the law, nor reason for distinction, between the death of a child and of an adult. The measure of damages is the same, but we frankly admit that the difficulty of its application is greatly increased in the case of an infant. Still, the jury must do the best they can, taking into consideration all the circumstances surrounding the life that is lost, and relying upon their common knowledge and common sense to determine the weight and effect of the evidence."

In their brief the defendants apparently concede that the rule of damages laid down by the court in this action was substantially in accord with our decisions, but it is argued that in case of a child sufficient data is not available to justify application of the rule, and that in this case plaintiff did not offer any table of probable expectancy as a basis for the ascertainment of the amount of damages recoverable. However, as pointed out by *Justice Barnhill* in the former opinion, the tables set out in G. S., 8-46, do not afford evidence of the life expectancy of a child under ten years of age. But said the Court: "This does not leave the plaintiff destitute of proof. The jury may consider evidence as to the constitution, health, vigor, habits, and the life of the deceased as a basis for determining her probable expectancy of life."

On the argument the defendants further contended that when the trial judge, for the purpose of illustrating the rule, used the figures fifty and twenty in referring to life expectancy, the suggestion was prejudicial to the defendants. The judge said: "If in your fair judgment you should determine that the fair and reasonable expectancy would be fifty years, then, of course your computations would be based upon a probably greater net gross income than if you should fairly ascertain that the probabilities were that the life would be extended not fifty, but only twenty years. But after that (her life expectancy) has been fairly determined then you would consider how much would have been the income from the labors, the exertions of the person."

And, again, in the judge's final reference to this matter, he said: "So, gentlemen, even at the risk of redundancy or repetition, I remind you that you do have a right to consider the health of the child, its environment, her habits, the brightness or dullness of her mind, . . . consider all those things in determining the probable expectancy of life, that is how much longer she would or might have lived."

In explaining legal principles to a lay jury the trial judge's use of illustrations should be carefully guarded to avoid suggestions susceptible

of inferences as to the facts beyond that intended. And this Court has on occasion awarded new trials where illustrations or hypothetical references were deemed to constitute prejudicial error. *Vance v. Guy,* 223 N. C., 409 (414), 27 S. E. (2d), 117; 64 C. J., 556.

However, while this practice in the presentation of questions to the jury is not approved, since it may afford opportunity for misunderstanding, under the circumstances of this case we do not regard the use of the language quoted as prejudicial or of such materiality as to require vacating the verdict and judgment, and ordering another trial. It is an established rule of appellate practice that the burden is on the appellant not only to show error but also to show that he was prejudiced to the extent that the verdict of the jury was thereby probably influenced against him. *Smith v. Steen,* 225 N. C., 644; *Collins v. Lamb,* 215 N. C., 719, 2 S. E. (2d), 863; *In re Ross,* 182 N. C., 477, 109 S. E., 365. The error must be "material and prejudicial amounting to the denial of some substantial right." *Wilson v. Lumber Co.,* 186 N. C., 56, 118 S. E., 797.

Here the jury was instructed in effect that they must determine as best they could from the facts in evidence, which were recited, how much longer in all probability the deceased would have lived. The jury is presumed to have been composed of men of intelligence and character, and capable of applying the principles of law to the facts as they found them. It is a matter of common knowledge that in recent years human life has been rendered less precarious and its span measurably increased. Even the Psalmist's suggestion of the limit of three score years and ten might be extended "by reason of strength."

The jury had been instructed that their computation of the present value of the accumulation of net income, under the rule, should be based upon the life expectancy of the deceased, and we do not think they were influenced to the prejudice of the defendants by the suggestion, in illustration of the rule, that if they should determine the reasonable expectancy would be fifty years the computation would be based upon a probably greater total of income than if the expectancy were only twenty years. This was in reference to a person nine years of age.

Two juries have awarded damages for the untimely death of plaintiff's intestate, a vigorous and healthy young girl, and we are not disposed to order another trial upon the exception to the charge which has been brought forward.

The exception to the action of the judge in offering to reduce the verdict, if agreed to, for the purpose of putting an end to the case, may not be held for error. The offer not having been accepted by the defendants, judgment on the verdict was rendered. This could not be considered as a finding that the amount was excessive, or as an abuse of discretion.

No error.