LYMAN W. LAMM, ADMINISTRATOR OF THE ESTATE OF FAY K. LAMM, DECEASED, v. J. J. LORBACHER AND MURRAY J. CANNADY.

(Filed 11 June, 1952.)

**1. Death § 3—**

   Right of action for wrongful death is solely statutory and the statute also determines the basis and extent of recovery of damages therefor. G.S. 28-173, G.S. 28-174.

**2. Death § 8—**

   In an action for wrongful death, an instruction on the issue of damages to the effect that the jury was to determine the pecuniary worth of the deceased to her "family or estate" taking into consideration her age,

habits, character, industry and skill, business, etc., and that the jury should not undertake to give the equivalent of human life or allow anything for punishment, *is held* without prejudicial error on plaintiff's appeal.

**3. Same—**

The value of the gratuitous labor performed by deceased as a housewife is not a proper element of damages in an action for wrongful death.

**4. Appeal and Error § 40b:  Trial § 49 ½ —**

A motion to set aside the verdict for inadequate award is addressed to the sound discretion of the trial court, and its refusal of the motion will not be reviewed on appeal except upon a showing of manifest abuse.

**5. Trial § 47—**

A new trial for newly discovered evidence cannot be allowed for evidence which relates solely to an issue answered in appellant's favor.

APPEAL by plaintiff from *Burgwyn, Special Judge,* November Term, 1951, of ALAMANCE.   No error.

This was an action to recover damages for injury and death of plaintiff's intestate alleged to have been due to the negligence of the defendants.

On the issue of damages the court charged the jury as follows:

"Now, gentlemen, I charge you that if the plaintiff is entitled to recover at all, he is entitled to recover the present value of the net pecuniary worth of decedent to be ascertained by deducting the cost of her own living and expenditures from her gross income based upon her life expectancy.  As a basis on which to enable you to make your estimate, it is competent to show, and for you to consider, the age of the deceased—I understand, gentlemen, that she was 33 years of age—her prospects in life, her habits, her character, her industry and skill, the means she had for making money, the business in which she was employed, the end of it all being to enable you to fix upon that net income which might be reasonably expected if death had not ensued, and thus arrive at the pecuniary worth of the deceased to her family or estate.  You do not undertake, ladies and gentlemen, to give the equivalent of human life.  That is impossible.  You allow nothing for punishment.  You do not attempt to punish the defendant but you seek to give a fair, reasonable pecuniary worth of the deceased to her family, under the rules which I have given you."

The jury rendered the following verdict:

"1. Was the plaintiff's intestate injured and killed by the negligence of the defendants, as alleged in the complaint?  Answer: Yes.

"2. Did the plaintiff's intestate, by her own negligence, contribute to her injury and death, as alleged in the answer?  Answer: No.

"3. What damages, if any, is the plaintiff entitled to recover of the defendants?   Answer: $4,000.00."

From judgment on the verdict plaintiff appealed, assigning error in the court's charge on the issue of damages, and the court's denial of motion to set aside the verdict on the third issue.

*Brooks, McLendon, Brim & Holderness and Barney P. Jones for plaintiff, appellant.*

*Cooper, Sanders & Holt and Jordan & Wright for defendants, appellees.*

DEVIN, C. J. The plaintiff appeals from the judgment below on the ground that the amount of damages awarded for the wrongful death of his intestate was inadequate. He assigns as error the court's charge to the jury in stating the rule for the measure of damages in this case.

In 1846 the common law rule that right of action for personal injury did not survive the death of the injured person was abrogated in England by statute (9 and 10 Vict. C. 93), known as Lord Campbell's Act, which permitted recovery in an action by the administrator when the death of the decedent was due to the unlawful or negligent act of another. In North Carolina this change in the common law rule was adopted by statute in 1869, now codified as G.S. 28-173, and G.S. 28-174, and right of action for wrongful death was conferred upon the personal representative of the decedent, with the further provision that "The plaintiff in such action may recover such damages as are a fair and just compensation for the pecuniary injury resulting from such death." So that the action for wrongful death exists only by virtue of this statute and the statutory provision must govern not only the right of action but also the rule for determining the basis and extent of recovery of damages therefor.

In interpreting the language of the statute the rule has been well stated by *Chief Justice Stacy* in a recent opinion in *Journigan v. Ice Co.,* 233 N.C. 180 (184), 63 S.E. 2d 183, as follows:

"The measure of damages in actions for wrongful death is the present worth of the net pecuniary value of the life of the deceased to be ascertained by deducting the probable cost of his own living and usual or ordinary expenses from his probable gross income which might be expected to be derived from his own exertions during his life expectancy. *Carpenter v. Power Co.,* 191 N.C. 130, 131 S.E. 400; *Gurley v. Power Co.,* 172 N.C. 690, 90 S.E. 943. In arriving at the net pecuniary value of the life of the deceased, the jury is at liberty to take into consideration the age, health and expectancy of life of the deceased, his earning capacity, his habits, his ability and skill, the business in which he was employed and the means he had for earning money, the end of it all being, as expressed in *Kesler v. Smith,* 66 N.C. 154, to enable the jury fairly to arrive at the net income which the deceased might reasonably be expected to earn from

his own exertions, had his death not ensued, and thus assess the pecuniary worth of the deceased to his family, had his life not been cut short by the wrongful act of the defendant. *Burns v. R. R.,* 125 N.C. 304, 34 S.E. 495; *Burton v. R. R.,* 82 N.C. 505." See also *Hanks v. R. R.,* 230 N.C. 179, 52 S.E. 2d 717; *Rea v. Simowitz,* 226 N.C. 379, 38 S.E. 2d 194; *Coach Co. v. Lee,* 218 N.C. 320 (328), 11 S.E. 2d 341.

In the excerpt from the charge to which plaintiff noted exception the trial judge seems to have instructed the jury in substantial accord with the decisions of this Court, and particularly to have followed the language in *Coach Co. v. Lee, supra,* and *Carpenter v. Power Co., supra.* The use of the word "family" in the connection in which it was used may be understood as meaning estate. *Hanks v. R. R., supra.* It affords the plaintiff no ground of complaint.

The plaintiff, however, urges upon us that in view of the evidence that the plaintiff's intestate, aged 33 years, was an educated woman, a housewife and mother of two children, and had several years before been employed at $165 per month, the court's instruction to the jury on the issue of damages should have included "a statement as to the value of her labor" as a housewife, and relies upon what was said in *Bradley v. R. R.,* 122 N.C. 972, 30 S.E. 8. In that case in an action for wrongful death of a wife and mother a new trial was awarded for the trial court's error in charging the jury they might consider the number of decedent's children in so far as that helped them to put a pecuniary value on the intellectual and moral training that she might be able to give them. This was held for error, but in the opinion of *Chief Justice Faircloth* it was said in interpreting the phrase pecuniary injury, "It will be noted that under our statute the pecuniary injury is the measure. That means the value of the labor or the amount of the earnings of the deceased if he had lived." In a concurring opinion in that case *Justice Douglas* observed moral training of children was beyond the reach of human calculations and that "We have no scales by which to measure the value of a mother and the moral influence she may have upon her children." We do not understand that the Court in the *Bradley case* intended to extend the rule for the admeasurement of damages in such case to include as an element of damage labors of the decedent which were gratuitous and for which she received no compensation. The view that the value of decedent's labor in the home as a housewife should be considered by the jury in determining the amount of damages recoverable is supported by reputable authority in some other jurisdictions (74 A.L.R. 95, note), but under the North Carolina statute as interpreted by the decisions of this Court compensation for wrongful death is limited to "the pecuniary injury resulting from such death." This phrase has remained unchanged since the statute was enacted in 1869. Hence this Court has uniformly held, in view of this

restrictive language, that the consideration of the jury should be confined to determining the amount of money the decedent would have earned during the period the jury find he would otherwise have lived, and, then, after deducting the probable cost of his ordinary living expenses, to ascertaining the present worth of the accumulation of such net earnings as the pecuniary value of the life of the decedent to his estate. This rule, though sometimes difficult of application, applies to all alike. *Rea v. Simowitz,* 226 N.C. 379, 38 S.E. 2d 194. The right of action is for the personal representative of the deceased only. "The right of action for wrongful death, being conferred by statute at death, never belonged to the deceased, and the recovery is not assets in the usual acceptation of the term." *Broadnax v. Broadnax,* 160 N.C. 432, 76 S.E. 216; *Hood v. Tel. Co.,* 162 N.C. 92, 77 S.E. 1094; 28 N.C. Law Review 106.

The jurors to whom was committed the determination of the facts from the evidence in this case have allowed compensation for the wrongful death of plaintiff's intestate, but have fixed the amount in what plaintiff contends is an insufficient sum. The plaintiff availed himself of the only relief from an inadequate verdict by motion addressed to the trial judge to exercise his power to set the verdict aside. This the judge in his discretion declined to do. His refusal would not be reviewed here except upon showing of manifest abuse of discretion. The verdict of which the plaintiff complains was rendered by a presumably intelligent jury who had heard all the evidence, and the motion to set the verdict aside was denied by the trial judge who also had heard all the evidence. We do not find there was such a manifest abuse of discretion on the part of the judge as would warrant this Court in reversing his ruling. *Johnston v. Johnston,* 213 N.C. 255, 195 S.E. 807; *McClamroch v. Ice Co.,* 217 N.C. 106, 6 S.E. 2d 850.

"It is the rule in this jurisdiction that in the absence of some imputed error of law or legal inference arising in connection therewith the direct supervision of verdicts is a matter resting in the sound discretion of the trial court and is not reviewable on appeal." *Johnston v. Johnston, supra.* "It is well settled in this State that the exercise of a discretionary power by the trial court is not reviewable upon appeal, unless there has been a palpable abuse of such discretion." *Hughes v. Oliver,* 228 N.C. 680 (685), 47 S.E. 2d 6.

Plaintiff's motion for new trial for newly discovered evidence is based upon proffered testimony applicable to the first issue only. Upon that issue the verdict was in favor of the plaintiff. Hence we are unable to say as a matter of law that the jury's verdict on the third issue was affected by lack of the additional testimony now presented. The proposed new evidence tends to show the falsity of the testimony of defendants' witnesses to the effect that plaintiff's automobile skidded on the

·occasion of the collision in which plaintiff's intestate was killed, and to impeach one of defendants' witnesses. Without the new evidence the jury answered the first two issues in favor of the plaintiff. The plaintiff's motion based upon the evidence offered does not meet the requirements set out in *Johnson v. R. R.,* 163 N.C. 431, 79 S.E. 690. The motion for new trial for newly discovered evidence is denied.

Upon consideration of the case and all the questions involved in plaintiff's appeal, we conclude that in the trial there was

No error.