Olleen Anderson **DURHAM**, Administra-
trix of the Estate of Raymond Elvin
Durham, Plaintiff,

v.

**SOUTHERN RAILWAY COMPANY**, Car-
olina and Northwestern Railway Com-
pany, and S. H. Knight Oil Company,
Incorporated, Defendants.

Civ. A. No. 66–C–7–D.

United States District Court
W. D. Virginia,
Danville Division.

June 14, 1966.

William H. Smith, Garrett, Garrett &
Smith, Danville, Va., for plaintiff.

Edwin B. Meade, Meade, Tate & Meade,
Danville, Va., for defendants Southern
Ry. Co. and Carolina & Northwestern R.
Co.

Joseph M. Winston, Jr., Clement,
Wheatley, Winston & Craig, Danville,
Va., Norwood E. Robinson, Bethea, Rob-
inson & Moore, Reidsville, N. C., and
Price, Osborne & Johnson, Leakesville,
N. C., for defendant S. H. Knight Oil Co.,
Inc.

OPINION and JUDGMENT

DALTON, Chief Judge.

On August 24, 1965, plaintiff's intes-
tate, a railroad employee, was killed when

the locomotive on which he was riding collided with a tanker truck and tractor trailer belonging to S. H. Knight Oil Company, Incorporated (hereinafter referred to as "Knight"). The collision occurred in the City of Leaksville, North Carolina at the railroad crossing known as East Church Street Crossing. Plaintiff has instituted this action against the Southern Railway Company, the owner of the diesel engine, Carolina and Northwestern Railway Company, apparently the operator of the train and the owner of the tracks, and Knight, the owner of the tractor trailer unit which collided with the train.

Count one of the complaint (based on the Federal Employers' Liability Act) states a cause of action against Southern, Count two (also based on the Federal Employers' Liability Act) states a cause of action against Carolina and Northwestern, and Count three (based on the North Carolina Wrongful Death Act, N.C.G.S. § 28–173) states a cause of action against Knight.

Defendant Knight has filed a memorandum of authorities and made an oral motion to the court seeking a severance as to the claim against Knight and urging that the joinder of Knight as a defendant in this case is improper and that a separate trial should be had on the issues contained therein.

Federal Rule 42 entitled "CONSOLIDATION; SEPARATE TRIALS" bears on this problem. It states:

(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues. Fed.R.Civ.P. 42(a, b).

■ Whether to grant a severance, then, is a question within the discretion of the trial court. It is obvious that the actions here involve common questions of law and fact, and for the reasons which follow, the court does not believe that a consolidation of the claims will prejudice defendant Knight.

■ Defendant's argument for severance centers around the fact that the bases of recovery under FELA and the North Carolina Wrongful Death Act are entirely different. Under North Carolina law, any recovery under § 28–173 becomes a part of decedent's estate and is distributed in accordance with the Statute of Distribution (N.C.G.S. § 29–1 through 29–29 inclusive, repealing N.C.G.S. § 28–149) rather than to designated classes. Pecuniary loss only is compensable, and the function of the jury is to arrive at the net income which the decedent might have earned had he lived, and thus assess his pecuniary worth to his family. In arriving at this determination, it is proper to consider the decedent's age, health, life expectancy, earning capacity, habits, ability and skills, the business in which he was employed, and the means he had for earning money. Lamm v. Lorbacher, 235 N.C. 728, 71 S.E.2d 49 (1952); Journigan v. Little River Ice Co., 233 N.C. 180, 63 S.E.2d 183, 186 (1951). Apparently the statute does not contemplate solatium for the plaintiff or punishment for the defendant. Armentrout v. Hughes, 247 N.C. 631, 101 S.E.2d 793, 69 A.L.R.2d 620 (1958). For this reason, evidence which is often introduced in wrongful death cases as to the number of dependents surviving, the loss of companionship suffered by the survivors, the loss of decedent as a husband and father, etc., would be irrelevant in North Carolina.

■ Under the FELA, on the other hand, damages are recoverable for the benefit of the surviving widow and children specifically, and dependency must be pleaded and proved. Thus, the federal

statute is very similar to the most common form of state wrongful death statute.

The brief for defendant Knight states that, "It can readily be seen that the allegations of the plaintiff in Paragraph four, eight and a portion of Paragraph nine and the allegation in subsection (g) in count one and count two are highly prejudicial and incompetent to be presented to a jury in any action in which S. H. Knight Oil Company is a party, the action against S. H. Knight Oil Company being based strictly upon the North Carolina Wrongful Death Act."

Paragraph four states that, "This action is being brought by the personal representative of Raymond Elvin Durham for the benefit of his surviving widow, Olleen Anderson Durham, and his children, Patsy Ann Durham, age 8, and Judy Kaye Durham, age 16," and Paragraph four relates that "Plaintiff's Intestate was born October 10, 1925, was 39 years old at the time of his death, resided at 8 Holcomb Avenue, in the City of Danville, Virginia, and was survived by his wife Olleen Anderson Durham, age 36 and two daughters, Patsy Ann Durham, age 8, and Judy Kaye Durham, age 16." Presumably, the portion of Paragraph nine which is objected to would be that which says, "His [the decedent's] habits were among the best, he was a mild mannered man, did not drink alcoholic beverages and seldom smoked tobacco, was devoted to his family and quick to provide well for his wife and two daughters."

Subsection (g) of counts one and two alleges that "As a result of the aforesaid death, the beneficiaries have suffered pecuniary loss, loss of care, training, advice, guidance and education, services of nurture care and education for the children, before and after majority, and counsel for his wife." Subsection (g) is omitted from count three which relates to defendant Knight.

The Court does not agree that defendant Knight would be unfairly prejudiced if all three actions are tried together. In support of his claim, counsel relies heavily upon the case of Wilson v. Mas-

sagee, 224 N.C. 705, 32 S.E.2d 335, 156 A.L.R. 922 (1944), wherein the North Carolina Supreme Court considered the question of whether the estate of the deceased could file suit against an individual tort-feasor and then the individual tort-feasor file a cross action against a railroad company and ask for contribution for any recovery that the plaintiff might secure in her pending legal action. However, the facts of the *Wilson* case set it apart from the case at bar. The right of action for contribution in North Carolina is statutory and as such depends upon the terms of N.C.G.S. § 1–240. Under that section, common liability to suit must have existed as a condition precedent to the right to contribution. The North Carolina Court held only that since the action against one defendant was based upon FELA and the action against the other upon the North Carolina Wrongful Death Act, there was no common legal right against both defendants and so, under the statute, contribution was not possible. This case does recognize the differences between the two statutes, but it is not authority for the proposition that any actions which involve both must be tried separately.

Defendant also cites the case of Lamm v. Lorbacher, supra. There the Supreme Court of North Carolina held that the value of a mother's labor as a housewife was properly excluded from the jury as bearing on the amount of recovery under N.C.G.S. § 28–173. However, it is significant to note that at the trial level evidence was introduced to the effect that the decedent was an educated woman, a housewife, and the mother of two children. The North Carolina Court did not hold that the introduction of such evidence was prejudicial *per se* and apparently thought that the correct result could be reached through proper instructions to the jury as to what it could and could not consider in arriving at an award.

The court believes that trying all of the causes of action here involved as a single case will greatly expedite matters and "avoid unnecessary costs or delay," and that by proper instructions the jury

will be able to understand the different considerations involved so that no prejudice will result to defendant Knight.

An examination of the sections of the complaint to which Knight objects reveal that any claim of prejudice is, at best, insubstantial. Paragraph eight alleges that the action is being brought for the benefit of the surviving widow and daughters. Technically, this is true only under FELA. However, the North Carolina Statute of Distribution, which determines who will be the beneficiaries of any wrongful death judgment, provides that the widow will get one-third of the net estate, including one-third of personal property and a one-third undivided interest in real property, and that the children will divide the other two-thirds equally. See N.C.G.S. § 29–14 through 29–16 inclusive. So, from a practical point of view, both actions are brought for the benefit of the widow and children.

Paragraph nine recites some of the habits of the deceased and Journigan v. Little River Ice Co., supra, holds that it is proper for the jury to consider them in a wrongful death action. It will be relatively simple to instruct the jury that as to defendant Knight, that portion of Paragraph nine which relates to decedent's devotion to his family should be disregarded.

Paragraph eight shows that the decedent is survived by a widow and two daughters. Lamm v. Lorbacher, supra, seems to indicate that it is not prejudicial for the jury to know this as long as it is properly instructed concerning what factors may enter into the determination of damages to be awarded under the Wrongful Death Act.

Subsection (g) of counts one and two is not included in count three relating to defendant Knight, and again the jury can be instructed to consider only pecuniary loss in arriving at any verdict which it might render against Knight.

In short, the pleadings are drawn in such a way as to leave little difference between the three causes of action, and the Court is confident that those differences which do exist can be separated in the minds of the jury so that a fair verdict to all parties concerned may be rendered.

It is the judgment of this court that this action here involved proceed on its merits against the defendants named (except that the court will later consider and determine whether Southern Railway Company should be dismissed as a party defendant) which procedure the court deems is for the convenience of the parties and will avoid unnecessary costs and delay.

The court is of the opinion that this interlocutory Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from this Order may materially advance the ultimate termination of the litigation, and, therefore, so states in writing in this Order, pursuant to the provisions of Title 28, Section 1292(b) of the United States Code Annotated.